Troy Law, PLLC
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
Email: troylaw@troypllc.com
*Attorney For Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

FUMING ZHOU
*on his own behalf and on behalf of others similarly situated,*

                                            Plaintiff,

                            v.

KIRIN TRANSPORTATION INC
      d/b/a Kirin Transportation; and
HEBEI TIANKAI FOUNDATION ENGINEERING
TECHNICAL CO. LTD
      d/b/a Hebei Tiankai Wood & Land Construction;
MARRIANA YUHUA SONG
      a/k/a Nancy Song, and
QIUXIANG SHI
      a/k/a Qiu Xiang Shi

                                    Defendants.

-------------------------------------------------------------- x

Case No. 1:24-cv-01468-TAM

**COMPLAINT**

      Plaintiff Fuming Zhou (hereinafter referred to as Plaintiff), by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants Kirin Transportation Inc; Hebei Tiankai Foundation Engineering Techical Co Ltd; Marriana Yuhua Song and Qiuxiang Shi (Collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

      1.    Plaintiff alleges, pursuant to N.Y. Lab. Law §§ 198(1-a), 198(1-d) and 663(1), that Defendants in bad faith violated the Minimum Wage Act and Wage Theft Prevention Act, N.Y. Lab. Law §§ 191, 195(3); N.Y. Lab. Law § 650 *et seq.*, and the Miscellaneous Industries Wage Order promulgated pursuant thereto, 12 N.Y.C.R.R. § 142, and that Defendants are therefore liable

to Plaintiff for unpaid or underpaid overtime compensation, liquidated damages, statutory damages, prejudgment interest, post-judgment interest, attorney fees, costs, expenses, injunctive relief, and such other and further relief made available by law.

2.      This action is brought by the Plaintiff Fuming Zhou against the Defendants for alleged violations of the New York Labor Law ("NYLL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

3.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, their wages for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

4.      Plaintiff alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation, (3) unpaid spread-of-hours premium, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

5.      Plaintiff further alleges pursuant to Section 215, subsection 2, paragraph (a) of the NYLL that he is entitled to recover from defendants, (1) lost wages, (2) liquidated damages equal to lost wages but not more than $20,000.00, (3) prejudgment and postjudgment interest, (4) reasonable attorneys' fees and costs, (5) injunctive relief, (6) a declaration that the practices complained of are unlawful, and (7) any such other and further legal and equitable relief as will effectuate the purposes of Section 215.1(a)(iii) of the NYLL.

6.      Notice of the commencement of this action was served on the Attorney General of the State of New York concurrently with the commencement of this action, pursuant to Section 215, subsection 2, paragraph (a) of the NYLL.

## JURISDICTION AND VENUE

7.      The United States District Courts do not have original jurisdiction over Plaintiffs' claims arising under the NYLL and Wage Order. Plaintiff has not advanced claims arising under federal law or the U.S. Costitution. *See* 28 U.S.C. § 1331. Given the posture of this case, which is at the pleading stage, and in which discovery has even begun, should decline to exercise supplemental jurisdiction over Plaintiff's claims arising under the NYLL and Wage Order under 28 U.S.C. § 1367(a), and should remand this matter to the Supreme Court, Queens County, which has original subject-matter jurisdiction over claims arising under the laws of the State of New York.

8.      Venue is proper in courts sitting in Queens County (including the Supreme Court of New York, Queens County; and – if it had jurisdiction, which it does not – the United States District Court for the Eastern District of New York) because Defendant does business in Queens County and the acts and omissions giving rise to the claims herein arose in part in Queens County.

**PLAINTIFFS**

9.      Plaintiff Fuming Zhou was employed by Defendants to work as a driver at Defendants transportation company Kirin Transportation with their registered office located at 33-70 Prince Street, Suite 703, Flushing NY 11354.

**DEFENDANTS**

*Corporate Defendants*

10.      Defendant Kirin Transportation Inc is a domestic business corporation organized under the laws of the State of New York with a registered address 142-04 Bayside Avenue, Suite 7L, Flushing, NY 11354, and a principle office located 33-70 Prince Street Suite 703, Flushing, NY 11354.

11.      Defendant Hebei Tiankai Foundation Engineering Technical Co Ltd is a foreign Chinese company that is established on February 20, 2008, and does business at 145 TanGu Stree, HuaiAnDong Road Yuhua District, Shijiazhuang City, Hebei Province 050000, People's Republic of China.

12.      Corporate defendant Hebei Tiankai Foundation Technical Co Ltd has the registration number of 911301006720623780 on its Enterprise Business License in China.

*Owner/Operator Defendants*

13.      Marriana Yuhua Song known as the Chief Executive Office and manager to plaintiff and the Chief Executive Office of Kirin Transportation since March 28, 2019 until the present, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Kirin Transportation.

14.    Marriana Yuhua Song hired me.

15.    Marriana Yuhua Song paid and promised to pay the plaintiff.

16.    Marriana Yuhua Song supervised plaintiff.

17.    Mariana Yuhua Song acted intentionally and maliciously and is an employer pursuant to, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Defendants.

18.    Qiuxiang Shi known to plaintiff as the Big Boss (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Kirin Transportation.

19.    Qiuxiang Shi had the ultimate decision-making power and co-defendant Mariana Yuhua Song deferred to her decision.

20.    Qiuxiang Shi acted intentionally and maliciously and is an employer pursuant to, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Defendants.

## STATEMENT OF FACTS

### Corporate Defendants Constitute as a Single Enterprise

21.    Corporate Defendant and Corporate Non-Defendants Kirin Transportation operate as a transport company at Corporate Non-Defendants' address in the State of New York.

22.    Corporate Defendant and Corporate Non-Defendant are established as parent-subsidiary corporation. Corporate Defendant is the parent company to Corporate Non-Defendants and all operations between Corporate Non-Defendants as subsidiary and other companies are on behalf of Corporate Defendants.

23.     At all relevant times, Corporate Defendants and Corporate Non-Defendants were, and continue to be, a single enterprise and employer with a high degree of interrelated and unified operation, common ownership, common management and centralized control of labor relation in the persons of Qiuxiang Shi and Marriana Yuhua Song and other parties Yingjie Li, Wei Wang, and Qiang Chen.

24.     Specifically, in or around November 2017, Qiuxiang Shi and non-party Yingjie Li met with non-party Qiang Chen, then owner/shareholder, sole director and officer of Kirin Transportation Inc at Kirin Transportation's headquarters in Flushing.

25.     During the meeting, Qiuxiang Shi was offered to become a major shareholder in defendant Kirin Transportation Inc for $300,000 capital investment.

26.     While promising, defendant Qiuxiang Shi stated to non-party Qiang Chen that due to her and non-defendant Yingjie Li being Chinese Nationals. They would need to have practical means of monitoring their investment or participating into the management of the Kirin Transportation.

27.     To this non-party Qiang Chen represented that Kirin Transportation would sponsor Qiuxiang Shi and non-party Yingjie Li for an L-1 visa, which would permit them to travel to the United States and participate in the management and monitor the company operations. With this on November 28, 2017, Qiuxiang Shi and non-party Yingjie Li entered into an agreement with non-party Qiang Chen that Hebei Tiankai Foundation Engineering Technical Co Ltd would become a majority shareholder to Kirin Transportation Inc and Qiuxiang Shi signed the Shareholder Transfer Agreement on behalf of Hebei Tiankai Foundation Engineering Technical Co Ltd.

28.     Per the Shareholder Transfer Agreement, non-party Qiang Chen transferred 51% (or 102 shares) of his ownership in Kirin Transportation and also resigned from his current position for defendant Qiuxiang Shi to take over as a representative of Kirin Transportation Inc. Additionally, defendant Qiuxiang Shi and non-party Yingjie Li had the ability to assign executives, managers and supervise Kirin Transportation Inc operations.

29.     In or around March 28, 2019, defendant Qiuxiang Shi and non-party Yingjie Li appointed Marriana Yuhua Song as Chief Executive Officer for Kirin Transportation. Specifically in a letter dated March 28, 2019, by Qiuxiang Shi, she outlined that Marriana Yuhua Song would be appointed to become the Chief Executive Office of Kirin Transportation Inc and it was to take immediate effect.

## Wage and Hour Claims

30.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the CPLR § 904 Class.

31.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

32.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

33.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

34.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

35.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

36.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

37.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

38.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff Fuming Zhou Wage and Hour Claim*

39.     From on or about December 7, 2015, to January 31, 2023, plaintiff Fuming Zhou was employed by defendants to work as driver for defendants trucking company Kirin Transportation.

40.     From on or about December 7, 2015, to on or before 2019 plaintiff would work for ten (10) hours per day for either five (5) or six (6) days per week for an average of fifty-five (55) hours per week.

41.    From on or around 2019, to on or around January 31, 2023, plaintiff would be sent an email everyday regarding his assignments or would log into Kirin Transportations software to obtain the information of his daily assignments.

42.    At all relevant times, plaintiff did not have a time for lunch or for dinner.

43.    From on or about December 7, 2015, to on or around January 31, 2023, plaintiff was paid a flat compensation.

44.    Although, plaintiff was promised a flat compensation, plaintiff was not paid for all the hours that he worked for defendants. Specifically, plaintiff was not paid during periods between 2016 and 2019; between February through April 2020 and between December 2022 through 2023.

45.    As a result of defendant's non-payment, plaintiff is owed around $21,313.91 in back wages.

46.    At all times during plaintiff's employment, plaintiff was not paid overtime pay for overtime work, meaning that he was not compensated at least one and one half his promised hourly rate for all hours worked past the fortieth (40th) hour in a week.

47.    Throughout plaintiff's employment, plaintiff was also not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

48.    Throughout his employment, plaintiff was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in plaintiffs' native language.

49.    As a part of plaintiff's employment, plaintiff was required to bear the cost of the purchase of a motor vehicle for the services that he provided to the defendant.

50.    In shuttling passengers from their appointments, plaintiff was required to bear the costs of gasoline and maintenance of his vehicle.

51.    Plaintiff would drive between 150 to 200 miles per day and was not reimbursed at all for the costs of gasoline or the cost of maintained on his vehicle for the defendants benefit.

### *Plaintiff Fuming Zhou Retaliation Claim*

52.    During the commencement of this lawsuit, plaintiff was still employed with defendants until they stopped providing him with work and fired him.

53.    On or around January 30, 2023, plaintiff went to Kirin Transportation to receive his daily assignments for the day.

54.    When plaintiff arrived at the office for Kirin Transportation, he was told by Marriana Yuhua Song that due to his litigation against the defendants he was not allowed to enter the office anymore.

55.    Plaintiff further was told that all of his work was cancelled and that he would be fired.

56.    After that plaintiff was not provided any further work from Kirin Transportation.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

57.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this

case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

58.    Plaintiff brings his NYLL claims pursuant to Article 9 of the CPLR, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

59.    All said persons, including Plaintiff, are referred to herein as the "Class."

**ASCERTAINABILITY**

60.    The number and identity of the Class member as determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under CPLR § 904.

**NUMEROSITY**

61.    The proposed class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Thought the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

**COMMONALITY**

62.    Common questions of law and fact exist as to members of the Class which pre-dominate over questions affecting only individual members of the Class, including, but not limited to, the following:

    a.  Whether Defendants employed the Class members within the meaning of New York law;

    b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the compensation of Class members;

    c.  Whether Defendants failed to pay the Class members minimum wage;

    d.  Whether Defendants failed to pay the Class members their earned wages;

    e.  Whether Defendants failed to pay the Class members overtime;

    f.  Whether Defendants failed to pay the Class members spread of hours;

    g.  Whether Defendants failed to provide the Class members with time of hire notice; and

    h.  Whether Defendants failed to provide the Class members with paystubs;

**TYPICALITY**

63.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**ADEQUACY**

64.     Plaintiff is an adequate representative of the Class, will fairly protect the inter-est of other members of the Class, has no interests antagonistic to the members of the Class, and will vigorously pursue this suit via attorneys who are competent, skilled, and experienced in litigating matters of this type. Class counsel are competent and experienced in litigating large employment law class actions.

**SUPERIORITY**

65.     The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

   a.   This case involves a large corporate Defendant and a large number of individual Class members with many relatively small claims and common issues of law and fact;

   b.   If each individual Class member were required to file an individual lawsuit, De-fendants would necessarily gain an unconscionable advantage because, with their vastly superior financial and legal resources, they would be able to exploit and overwhelm the limited resources of each individual member of the Class;

   c.   Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants who are Class members' current or former employers, because of an appreciable and justifiable fear of retaliation;

   d.   The prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or

adjudications with respect to the individual members of the class against Defendants, would establish potentially incompatible standards of conduct for Defendants, would result in legal determinations with respect to individual members of the Class, which would, as a practical matter, be dispositive of the interest of other member members of the Class who are not parties to the adjudications, and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.  Furthermore, as the damages suffered by each individual members of the Class are relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

f.  The costs to the court system of adjudication of such individualized litigation would be substantial.

66.  Plaintiff intends to send notice to all members of the Class as required by Article 9 of the CPLR.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of N.Y. Lab. L. §191—Failure To Pay Wages Timely Brought on Behalf of Plaintiff or in the alternate the Class]**

67.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.  Section 191.1(a)(i) of the NYLL provides in relevant part that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in

which the wages were earned."

69.      Due to missed payments over the course of plaintiffs employment, plaintiff was not paid and has not been paid about $21,313.91 within the time frame set forth by Section 191.1(a)(i) of the NYLL.

70.      Section 198.1-a of the NYLL provides in relevant part that "[i]n any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

71.      Defendants knowingly, willfully and maliciously disregarded the provisions of the NYLL by failing to pay plaintiff all his wages timely.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage
Brought on behalf of Plaintiff and Class]**

72.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.      Section 652.1, subsection (b) of the NYLL provides that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than[] $9.00 on and after December 31, 2015," and that "[e]very employer of eleven or more employees shall pay to each of its employees for each hour worked in the city of New York a wage of not less than: $11.00 per hour on and after December 31, 2016, $13.00 per hour on and after December 31, 2017, [and] $15.00 per hour on and after December 31, 2018."

74.    Plaintiff's flat compensation did not amount to more than the New York State Minimum Wage.

75.    Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

76.    Defendants knowingly, willfully and maliciously disregarded the provisions of the NYLL by failing to pay plaintiff at least the minimum wage.

## COUNT III.
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Class]**

77.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.    Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

79.    Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of… the Fair Labor Standards Act."

80.    At all times during plaintiffs employment, plaintiff was paid a flat compensation that did not include additional pay at time and a half for overtime.

81.    Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

82.    Defendants knowingly, willfully and maliciously disregarded the provisions of the NYLL by failing to pay plaintiff overtime.

### COUNT IV.
**[Violation of New York Labor Law—Spread of Time Pay
Brought on behalf of Plaintiff and Class]**

83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.    Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

85.    Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

86.    Throughout plaintiffs employment, plaintiff was paid a flat compensation that did not include additional pay at the minimum wage rate for each day his spread of time exceeded ten (10) hours.

87.     Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

88.     Defendants knowingly, willfully and maliciously disregarded the provisions of the NYLL by failing to pay plaintiff spread of time.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Class]**

89.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

91.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the

employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

92.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

93.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Class]

94.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

96.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

97.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT VII.

**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

98.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.    Throughout the relevant period, Defendants required plaintiff to bear all of the "out-of-pocket" costs associated with their vehicles, including the maintenance and gasoline.

100.    Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his motor vehicle he used.

101.    The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain a vehicle in working condition.

102.    Plaintiff performed these deliveries for the sole benefit of the Defendants.

103.    As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

104.    Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

105.    Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## COUNT VIII.
### [Violation of Section 215.1(a)(iii) of the NYLL—Retaliation For Protected Activity]

106.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.    Section 215.1(a)(iii) of the NYLL provides that "[n]o employer or his agent, or the officer or agent of any corporation, partnership or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee… because such employee has caused to be instituted or is about o institute a proceeding under or related to this chapter."

108.    Defendants willfully and maliciously fired plaintiff as a direct result of plaintiff initiating a wage and hour lawsuit against defendants.

109.    Section 215.2(a) of the NYLL provides that "[t]he court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation…. Liquidated damages shall be calculated as an amount not more than twenty thousand dollars."

### <u>JURY DEMAND</u>

110.    Plaintiff demands a trial by jury for all matters so triable.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Certification of this case as a class action pursuant to Article 9 of the CPLR;

d)      Designation of Plaintiff as representative of the CPLR § 904 Class, and counsel of record as Class counsel;

e)      A declaratory judgment that the practices complained of herein are unlawful under NYLL;

f)      A permanent injunction against Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in the violation of the NYLL and NYCRR;

g)      An award of unpaid wages, unpaid overtime, and unpaid spread of hours due under NYLL and the regulations promulgated hereunder;

h)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wage timely, overtime, and spread of hours pursuant to NYLL;

i)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to NYLL §§198 and 663;

j)      An award to reimburse Plaintiff's document out-of-pocket delivery vehicle costs, pursuant to the implied contract which arose between Plaintiff and Defendants;

k)      An award of lost wages, and liquidated damages equal to lost wages up to

$20,000.00, due to Plaintiff under NYLL;

l)      The cost and disbursements of this action;

m)      Providing that if any amounts remain unpaid upon the expiration of ninety

days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automat-

ically increase by fifteen percent, as required by NYLL §198(4); and

n)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: March 18, 2024
       Flushing, New York

                              TROY LAW, PLLC
                              *Attorneys for the Plaintiff, and*
                              *potential Class*

                              /s/ John Troy
                                      John Troy
                                      Aaron B. Schweitzer
                                      Tiffany Troy